**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| INTAROME FRAGRANCE & FLAVOR, CORP. | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 07-873 (DRD)(MAS) |
| v. | : | |
| | : | |
| MICHAEL G. ZARKADES, | : | **OPINION** |
| | : | |
| | : | |
| Defendant. | : | |

SHIPP, U.S.M.J.

THIS MATTER comes before the Court on Michael Zarkades's ("Defendant") Motion to Compel non-party Sunflower Cosmetics, Inc. ("Sunflower") to comply with the terms of a Subpoena served upon it on November 29, 2007, wherein Sunflower was requested to produce documents (Docket, Doc. No. 38), pursuant to Fed. R. Civ. P. 37(a)(2)(B) ("Motion to Compel"). The Court has reviewed the demand for production of documents and finds that it is relevant to the matter at issue. Furthermore, Sunflower has not filed any opposition to the Subpoena or to the Motion to Compel, and has therefore waived its objections. For the reasons set forth herein, Defendant's Motion to Compel is GRANTED.

### BACKGROUND

The factual allegations in this case are well known to the parties and will not be repeated herein. On or about November 29, 2007, Defendant served Sunflower with a Subpoena requesting documents related to the Defendants in this matter. On February 18, 2008, after receiving no response from Sunflower, Defendant filed a Motion to Compel. Sunflower has not submitted any opposition to either the Motion to Compel or the Subpoena.

## DISCUSSION

The court may, for good cause, order discovery of any matter relevant to the subject matter involved in the action. Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *Id.*

**Document Requests**

Defendant has requested documents regarding Sunflower's interaction with the other parties in this matter, including Katzman, Intarome and Funsch, as indicated below.

      **1. SUNFLOWER Document Request Nos. 1, 2, 3, 4, 5, 6, 7, 8**

      **2. KATZMAN Document Request Nos. 9, 10, 11, 12, 13, 14, 15**

      **3. INTAROME Document Request Nos. 16, 17, 18, 19, 20, 21, 22**

      **4. FUNSCH Document Request Nos. 23, 24, 25, 26, 27, 28, 29**

Katzman refers to David Katzman and his agents, representatives or any other person or entity acting on, or purporting to act on Katzman's behalf. Intarome refers to Intarome Fragrance & Flavor Corp., a Delaware Corporation, its current or former agents, representatives, officers, directors, shareholders, servants, attorneys, employees, supervisors, managers, partners, and Intarome Fragrance & Flavor Corp.'s subsidiaries, predecessor and/or successor companies, corporations, partnerships, or other related business entities. Daniel Funsch is the president of Intarome Fragrance & Flavor Corp., and "Funsch" refers to Daniel D. Funsch, his spouse, former spouse, children, family members, heirs, trustees, executors, assigns, agents, representatives, or any other person or entity acting on, or purporting to act on Funsch's behalf. Zarkades refers to Michael Zarkades, an individual.

Here, the Defendant is requesting any and all documents related to Sunflower's purchases and sales from January 2000 to the present of fragrances, flavors, or other products that either were or were

2

not originally created by Intarome, and which were or were not included or sold in combination with any fragrances, flavors or other products that were originally created by Intarome. In addition, Defendant is requesting any and all documents regarding and/or pertaining to Sunflower's business and/or contractual relationship with Katzman or Intarome, as well as Sunflower's tax returns, any and all documents Sunflower maintained in conformance with the tax laws of New York, New Jersey, and any other state, and any and all documents related to all incoming and outgoing telephone calls for Sunflower's land lines and cellular telephone lines, from 2000 to the present. Defendant is also requesting any and all documents given or received from Intarome, Katzman and Funsch, and any and all documents arising from or related to any communications, business transactions, payments or agreements ever contemplated, negotiated or entered into between Sunflower and Intarome, Katzman and Funsch.

The information requested is relevant because the defendant, Michael Zarkades, is seeking information that may be admissible in his defense efforts against claims of violation of the noncompete and non-disclosure agreements, and claims for conversion and misappropriation, unfair competition, unjust enrichment, and tortious interference. Information gathered through this subpoena may also lead to other discoverable information, and falls within the bounds of relevant discovery.

Fed. R. Civ. P. 26(b)(1), states, in pertinent part, "parties may obtain discovery regarding any matter, not privileged that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). As this District has already recognized, "courts have construed this rule liberally as providing for a broad vista of discovery." *Tele-Radio Systems v. DeForest Elec., Inc.*, 92 F.R.D. 371, 375 (D.N.J. 1981). In interpreting Rule 26(b)(1), district courts must remain mindful that relevance is a broader inquiry at the discovery stage than at the trial stage. *Nestle Foods Corp. v. Aetna Cas. & Sur. Co.*, 135 F.R.D. 101, 104 (D.N.J. 1990).

However, Rule 26(b)(2) vests the District Court with the authority to limit the parties pursuit of otherwise discoverable information. The Third Circuit recognized this discretionary power stating that, "[a]lthough the scope of discovery under the Federal Rules is broad, this right is not unlimited and may be circumscribed." *Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999). Specifically, Fed. R. Civ. P. 26(b)(2)(c) provides that

> The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (I) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. The court may act upon its own initiative after reasonable notice or pursuant to a motion under Rule 26(c).

Fed. R. Civ. P. 26(b)(2)(C). Therefore, this Court limits the information requested in the Subpoena to January 2000 through November 30, 2007, which was the time the Subpoena was served on Sunflower.

Furthermore, the Court recognizes that Sunflower has raised no opposition to the information requested in the Subpoena or to the Subpoena itself.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Compel Sunflower's compliance with the November 2007 Subpoena is hereby GRANTED.

_____
**HONORABLE MICHAEL A. SHIPP**
**UNITED STATES MAGISTRATE JUDGE**

4